IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KENT PITCHER,<br><br>     Plaintiff,<br><br><br>  vs.<br><br><br>HONORABLE ERNIE JONES, Judge for the 2nd District Court in the State of Utah; and HONORABLE BRENT WEST, Judge for the 2nd District Court in the State of Utah,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:16-CR-11-TC |

Pro se Plaintiff Kent Pitcher filed a civil rights complaint under 42 U.S.C. § 1983 against Utah state court judges Ernie Jones and Brent West (Defendants).  According to the case docket, neither Judge Jones nor Judge West has been served with the complaint or made an appearance.

The court has discretion to dismiss a complaint sua sponte (on its own volition) under Federal Rule of Civil Procedure 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  Because Mr. Pitcher is proceeding pro se, the court must construe his allegations "liberally and [hold his complaint] to a less stringent standard than formal pleadings drafted by lawyers."  Id.

The court has reviewed Mr. Pitcher's factual allegations and claims for relief.  He focuses

his case completely on actions taken by the judges in their official capacities.  For example, in his first claim for relief, Mr. Pitcher alleges that

> Judge Jones presided over a case in which he had an obvious, but undisclosed bias against [Mr. Pitcher].  Over the course of six years, he proceeded to demonstrate that bias through rulings punitive to Kent Pitcher . . . .

(Compl. ¶ 33.)  He then alleges that "[a]s a result of these actions," Judge Jones violated his civil rights.  (Id. ¶ 34.)  Similar allegations are repeated in claims Two through Seventeen.  The majority of Mr. Pitcher's causes of action focus on specific orders issued by Judge Jones or Judge West.  (See, e.g., id. ¶ 36 (Judge Jones' May 6, 2008 order against Mr. Pitcher), ¶ 39 (Judge Jones's Sep. 15, 2008 order), ¶ 42 (Judge Jones' Apr. 29, 2009 order), ¶ 45 (Judge Jones' signing and entering divorce decree), and ¶ 79 (Judge Brent West's Jan. 5, 2015 order).  In his eighth cause of action, he focuses on statements made by Judge Jones during a court hearing over which Judge Jones presided.  (Id. ¶ 54.)

Mr. Pitcher requests a series of remedies from this court.  He asks for $10 million.  (See id. ¶¶ 88(5)-(13).)  And he seeks the following non-monetary relief: (1) a declaration that the Defendants violated his civil rights, the Utah Judicial Code of Conduct, and Utah state law; (2) an order removing Judge Jones from his position as a state court judge; (3) an order prohibiting the Defendants from "communicating in any manner, directly or indirectly, with the new judge assigned to [Mr. Pitcher's] cases" (Compl. at p. 27); and (4) an order setting aside every order issued by Judge Jones in Kent Pitcher's case and directing the state court to "retry all issues previously heard by Judge Jones and [non-defendant] Commissioner Conklin."  (Id. ¶¶ 88(1)-(4).)

It is well established that state court judges "are generally immune from suits for money

damages." <u>Stein v. Disciplinary Bd. of Supreme Court of N.M.</u>, 520 F.3d 1183, 1195 (10th Cir. 2008) (citing <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991)). "This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority." <u>De Young v. State of Kansas</u>, 890 F. Supp. 949, 953 (D. Kan. 1995) (sua sponte dismissing civil rights action against state trial judge because judge had absolute judicial immunity).

The Tenth Circuit has identified two exceptions to this rule of absolute judicial immunity: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." <u>Id.</u> (internal citations, quotation marks, and alterations omitted). Neither exception applies here.

The actions at issue in Mr. Pitcher's complaint were judicial acts. "In determining whether the conduct qualifies as a judicial act, a court looks to two factors: whether the act is a function normally performed by a judge and whether the parties deal with the judge in the judge's judicial capacity." <u>Id.</u> (citing <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1991)).

In this case, the causes of action arise out of the judges' hearings and orders, all of which are clearly functions normally performed by a judge. Similarly, Mr. Pitcher exclusively interacted with the judges in their judicial capacity. He appeared before Judge Jones, filed motions, and was the subject of orders by both judges, all in a particular case filed in the state court. Finally, even construing his pro se complaint liberally, the court finds that he does not allege in any way that the judges acted in the complete absence of jurisdiction. Accordingly, the Defendants are absolutely immune from Mr. Pitcher's suit claiming monetary damages.

To the extent Mr. Pitcher pleads entitlement to non-monetary damages, the court does not have authority to grant the remedies he seeks. First, Mr. Pitcher asks the court to issue a

3

declaratory judgment that the Defendants' actions violated his civil rights.  But the "Eleventh Amendment 'does not allow a federal court to issue a judgment against a state officer declaring that he violated federal law in the past.'"  Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995) (quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)); see also Raiser v. Kono, 245 F. App'x 732, 736 (10th Cir. 2007) (citing Johns in its denial of request to issue declaratory judgment against state court judge).

Second, he essentially requests a writ of mandamus that orders removal of Judge Jones from the bench, orders that the rulings in the state court be vacated and the issues re-tried by a different state court judge, and imposes a gag order on Judge Jones and Judge West.  "Federal courts have no authority to issue a writ of mandamus to a state judge."  Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992) (citing Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)).  Furthermore, to the extent Mr. Pitcher is actually asking this court to order the state courts or other state entities to provide the mandamus-type remedy he seeks, he faces two insurmountable obstacles: neither the State of Utah nor any of its governmental agencies, such as the Utah state courts, is a named party, and, more importantly, even if the State of Utah were named as a defendant, the Eleventh Amendment bars suit against the State under 42 U.S.C. § 1983.  Johns, 57 F.3d at 1552.

Given the Defendants' absolute immunity and this court's lack of authority to provide the remedies sought, Mr. Pitcher has not stated a claim for which relief can be granted.  And it is clear that an order allowing him to amend his complaint would be futile.

## ORDER

For the foregoing reasons, the court dismisses Mr. Pitcher's complaint under Federal Rule

of Civil Procedure 12(b)(6) with prejudice.

DATED this 25th day of February, 2016.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge